FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 19 2016

MATTHEW J. DYKMAN
CLERK

TABBY MPOFU
Name
PO Box 26783
Albuquerque, NM 87125
Address

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

TABBY MPOFU , Plaintiff
(Full Name)

v.

Tom Vilsack
Secretary, Department of Agriculture
USDA , Defendant(s)

CASE NO. 16 CV 1149 WPL/SCY
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983

## A. JURISDICTION

1) TABBY MPOFU , is a citizen of New Mexico
   (Plaintiff)                                    ( State )
   who presently resides at PO Box 26783
   Albuquerque, NM 87125
   (Mailing address or place of confinement)

2) Defendant Tom Vilsack
   Secretary, Department of Agriculture
   USDA                                         is a citizen of
   (Name of first defendant)
   Washington DC                                , and is employed as
   (City, State)
   Secretary, Department of Agriculture   USDA  . At the time the claim(s)
   ( Position and title, if any)
   alleged in this complaint arose, was this defendant acting under color of state law?
   Yes [X]   No [ ]   If your answer is "Yes", briefly explain:

Willfully deprived & conspired to violate my Constitutional Rights under the appearance of authority, but which exceeded such authority. Deliberately & intentionally discriminated against me on the basis of my Race (Black), National Origin (Africa), and Age (Over 40 years of age). Additional, illegally terminated me from Federal Employment at the U.S. Forest Service. USDA, Agency, violated previous MSPB/EEO Settlement agreement that was intentionally initiated in bad faith & omitted facts of Federal laws in the areas of Merit Promotion; EEOC Civil Rights laws Federal Pay laws, and violated due process.

3) Defendant __Thomas Tidwell_____ is a citizen of
   (Name of second defendant)
   __Washington DC_____, and is employed as
   (City, State)
   __Chief of the USDA, Forest Service__. At the time the claim(s)
   ( Position and title, if any)
   alleged in this complaint arose, was this defendant acting under color of state.

   Yes [X]   No [ ]    If your answer is "Yes", briefly explain:

Willfully deprived & conspired to violate my Constitutional Rights under the appearance of authority, but which exceeded such authority. Deliberately & intentionally discriminated against me on the basis of my Race (Black), National Origin (Africa), and Age (Over 40 years of age). Additional, illegally terminated me from Federal Employment at the U.S. Forest Service. USDA, Agency, violated previous MSPB/EEO Settlement agreement that was intentionally initiated in bad faith & omitted facts of Federal laws in the areas of Merit Promotion; EEOC Civil Rights laws Federal Pay laws, and violated due process.

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1343(3), 42U.S.C. §1983. (If you wish to assert Jurisdiction under different or additional statutes, you may list them below.)

29 CFR, 1614, EEOC & MD 110 as it pertains to Discrimination.

Awards of back pay in discrimination cases are governed by 5 CFR 550.805. See 29 CFR 1614.501 (b) – (c)."

5 CFR 338, this site contains policy established by the U.S. Office of Personnel Management (OPM) for General Schedule (GS) (or equivalent) white collar occupations in the Federal Government. This information is primarily for Federal agencies that need to determine whether applicants meet the minimum requirements for the positions being filled.

2) A career employee who is reassigned from a position paid under chapter 45 of title 39, United States Code, & [33 FR 12428, Sept. 4, 1968] & **§ 335.102 Agency authority to promote, demote, or reassign.** Subject to § 335.103 and, when applicable, part 319.

## B.  NATURE OF THE CASE

1) Briefly state the background of your case.

The USDA, Forest Service intentionally violated Ms. Mpofu's settlement agreement (SA). The June 14, 2011 SA is not valid and was never completely enforced by the USDA, Forest Service (FS), HRM. Ms. Tabby Mpofu (pronounce Pofu, the M is silent) previously worked for the USDA, FS, Schenk Jobs Corp, in NC, as a Social Services Assistant, GS-0186-05. In April 2008 Ms. Mpofu was accused of wrongdoing, but no misconduct investigation was initiated; Ms. Mpofu was then terminated without due process. After an initial appeal to the MSPB in DC and only days prior to the MSPB hearing date, On June 14, 2014 the USDA FS initiated a SA and Ms. Mpofu was reinstated to the USDA FS. Later, Ms. Mpofu learned that the SA was breached right from the start and that it was negotiated in bad faith. Ms. MPofu through a settlement agreement was then reassigned to the USDA, FS, Albuquerque Service Center (ASC) HRM to the position of Human Resources Assistant, GS-0203-05. Based on the OPM Qualifications Standard, Ms. MPofu was not qualified to perform these duties and responsibilities and would not have been rated as qualified by any qualified competent journeyman Staffing Specialist. <u>As a result of placing Ms. Mpofu illegally to position that she was not qualified to perform</u> it is obvious that she would eventually fail in that position.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: (If necessary, you may attach up to two additional pages (8 1/2" x 11") to explain any allegation or to list additional supporting facts.

   A)(1) Count I:

   *Please see attached two pages 1 + 2 C. Cause of Action (1) A) Count 1*

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing leagl authority or argument.)

   *Please see attached pages 1 + 2 (C. Cause of Action (2).*

   B)(1) Count II:

   (2) Supporting Facts:

C. CAUSE OF ACTION

1) (A) (1) Count 1:

The USDA, Forest Service intentionally violated Ms. Mpofu's settlement agreement (SA). The June 14, 2011 SA is not valid and was never completely enforced by the USDA, Forest Service (FS), HRM. Ms. Tabby Mpofu (pronounce Pofu, the M is silent) previously worked for the USDA, FS, Schenk Jobs Corp, in NC, as a Social Services Assistant, GS-0186-05. In April 2008 Ms. Mpofu was accused of wrongdoing, but no misconduct investigation was initiated; Ms. Mpofu was then terminated without due process. After an initial appeal to the MSPB in DC and only days prior to the MSPB hearing date, On June 14, 2014 the USDA FS initiated a SA and Ms. Mpofu was reinstated to the USDA FS. Later, Ms. Mpofu learned that the SA was breached right from the start and that it was negotiated in bad faith. Ms. MPofu through a settlement agreement was then reassigned to the USDA, FS, Albuquerque Service Center (ASC) HRM to the position of Human Resources Assistant, GS-0203-05. Based on the OPM Qualifications Standard, Ms. MPofu was not qualified to perform these duties and responsibilities and would not have been rated as qualified by any qualified competent journeyman Staffing Specialist. During the settlement agreement discussions the Agency representative (Law Offices of Gary M. Gilbert & Associates, P.C.) allegedly misrepresented the Agency position, fail to obtain competent advice services from a USDA, HRM Specialist to determine if Mpofu was even qualified in order to place her in the Human Resources Assistant, GS-0203-05 position. At the time and during the settlement agreement discussions the Agency representatives lied to Ms. Mpofu's representative and actually coerce/persuaded Ms. Mpofu into accepting the Human Resources Assistant position in Albuquerque, NM as part of the settlement, though during the settlement agreement discussions Ms. Mpofu had indicated that she had never worked with computer and felt uncomfortable in taking a position that she knew she did not qualified for. As a result, the Agency made an illegal placement of an employee to a position a position that she was not qualified to perform and could not perform. Therefore, the Agency's representative entered into an agreement that exceeded his or her authority. <u>As a result of placing Ms. Mpofu illegally to position that she was not qualified to perform</u> it is obvious that she would eventually fail in that position.

<u>On June 14, 2011, the Agency and Appellant reached a SA regarding Appellant's April 2008 removal, The Agreement provided that the Agency would expunge the proposal and decision on Appellant's April 7, 2008 removal and records of administrative leave action from her Official Personnel File;"</u>

The SA provided that the Agency would expunge the proposal and decision on Appellant's April 7, 2008 removal and records of administrative leave from her Official Personnel file (OPF); place Appellant onto its payroll between the date of removal and the date of resolution (with service credit); The Facts are that the Agency failed to expunge the termination letter and other negative documents from Ms. Mpofu's OPF and the Electronic OPF. As a result other employees such as HR Staffing Assistant, (Personnel Actions Input processors), Personnel Management Specialist, Ms. Mpogu supervisors and higher level HR Manager were then able to view and have access to the negative information that was maintained in Ms. Mpofu's OPF in violation of

1

<u>Continuation of</u> C.  CAUSE OF ACTION 1) (A) Count  1

the Settlement Agreement. If the agency had remove the negative documents from Ms. Mpofu's OPF immediately after her reassignment, **or** years prior to her most recent termination, then maybe the agency would have had a reasonable argument, but the fact is that the Agency only removed those document only weeks prior to Ms. Mpofu most recent termination. Therefore, for over 4 years the Agency was in violation of the SA that was obtained through false promises and negotiated in bad faith. Therefore, the Agency allowed Ms. Mpofu supervisors and other HR individuals/personnel to view those negative documents that were supposed to have been expunged from Ms. Mpofu's OPF as agreed to by the Agency in the June 14, 2011 SA. Therefore, the Agency never timely complied with the terms of the SA & as a result the document remained in Ms. Mpofu's OPF; those documents were prejudicial towards Ms. MPofu & as result used as evidence towards her most recent removal action from the FS. In **Cunningham v. US, No. 2013-5055 (Fed. Cir. 4/9/14),** Cunningham entered into a SA that provided that Cunningham would withdraw his appeal & OPM would pay him $50,000. The SA also contained a confidentiality provision prohibiting both parties from disclosing the terms of the agreement; required OPM to remove his termination letter from his personnel file; learning that his OPM file contained a document which revealed that two OPM employees, neither of whom was the human resources director, had disclosed Cunningham's termination and MSPB appeal to the OPM background investigator, he filed a petition to enforce the settlement agreement with the MSPB. In July 2008, the MSPB administrative judge found OPM had materially breached the settlement agreement.

## C. CAUSE OF ACTION (2)

**ISSUE #1:** The USDA, Forest Service, (Agency) **did <u>not remove or expunge personnel adverse action documents from the Appellant's Official Personnel File (OPF)</u>** as previously agreed to in a Settlement Agreement. Other individuals at the Human Resources Management (HRM), Albuquerque Service Center, Albuquerque, New Mexico that did not have a need to know were able to personally view and review the previous personnel adverse actions documenting the appellants removal at that the USDA, Forest Service, Schenk Jobs Corps. <u>Therefore, **not expunging** those documents from Ms. Mpofu's OPF prejudicially poisoned the minds of managers and supervisors that supervised Ms. Mpofu and those individuals then planned and prejudicially initiated the deliberate adverse action against Ms. Mpofu that eventually lead to the adverse actions and untimely resulted in the USDA, FS terminating Ms. Mpofu from her Human Resources Assistant, GS-0203-05 position.</u> Ms. Mpofu and the Forest Service had a Settlement Agreement, dated June 14, 2011 that in Section One, A, specifically state:

"Within 60 days of the final signature to this agreement, rescind Appellant's proposed removal dated November 20, 2007 and the decision on her removal dated April 7, 2008and remove from Appellant's Official Personnel File (OPF) any reference to her administrative leave dated August 18. 2007, notice of proposed removal dated November 20, 2007, decision to remove dated April 7, 2008, or any other documents referencing the decision to remove. Any notification of personnel action will not reference the administrative leave or removal but will reflect continued employment through the date of Appellant's reassignment to Albuquerque".

The USDA, Forest Service neglected to secure the adverse actions documents such as the Personnel Actions SF-50 that needed to be expunged from the (OPF) prior to Ms. Mpofu's transfer to the Albuquerque Service Center, HRM, in Albuquerque New Mexico. Therefore her former supervisor, Mr. Zemeneck, office coworkers, and other supervisors at the HRM, PAR Staff were able to view the negative SF-50 that documented the FS, Schenk Jobs Corps adverse personnel actions in violation to a settlement agreement that both Ms. Mpofu and the agency had previously agreed to.

Since those supervisors were able to see those documents they used those document to concluded that the appellant was a trouble maker and non performer, therefore, resulting in the negative actions that the appellant was subjected to up to the date she was terminated. Keep in mind that the negative documents remained in the appellants OPF resulted in a discriminatory prejudicial adverse action against this appellant when she was placed her in a PIP.

**ISSUE No 2.** On June 14, 2011, during the settlement discussions, prior to placing Ms. Mpofu in the in the PAR Human Resources Assistant, GS-0203-05 position at the HRM, Albuquerque New Mexico, no OPM qualification standards experience comparisons were done to determine or assess if Ms. Mpofu qualified for the PAR Human Resources Assistant, GS-0203-05; It was evident at the time that she did not qualify for the PAR Human Resources Assistant, GS-0203-05 position in Albuquerque, New Mexico; therefore right from the onset Ms. Mpofu was set up to fail. At the time the USDA Forest Service (Agency) violated OPM's Merit Promotion laws, regulations and procedures.

### Continuation to C.  CAUSE OF ACTION (2)

On or approximately June 2011, at the time of the settlement agreement discussions, **the Agency Representative never provided a copy of the position description to the appellant (Ms. Mpofu).** Additionally, no one explained to the appellant the duties and responsibilities of the new position that she was being offered. The appellant remembers that she indicated to the USDA, Forest Service, Schenk Jobs Corp representatives that she did not have computer skills or knowledge or personnel actions processing knowledge or skills, but she was told that she would be provided on the job training. When the appellant again questioned as to what the position entail in regards to duties and responsibilities she was told that she would be provided training, someone to shadow and a qualified assistant would guide and teach her the duties to be performed in the new Personnel Assistant, GS-0203-05 position at the Human Resources Management, Albuquerque Service Center.

When Ms. Mpofu reported to the Albuquerque Service Center, Human Resources Management, PAR Staff to perform in the Human Resources Assistance, GS-0203-05, she was not provided the training that was conveyed to her prior to signing the settlement agreement. Ms. Mpofu was actually assigned to perform <u>duties and responsibilities that involved basic clerical assignment such as filing, expunging documents from Official Personnel Files (OPF) and making copies of documents for different individuals within the PAR staff.</u> Ms. Mpofu was not given on hands computer processing of Personnel Actions Records (PAR) until February 2014. When she was allowed to train in this area, the training was limited; she was expected to perform at the journeyman level, though she had never before been trained **or** done this type of work assignment. Based on the verbal promises that were made and initiated by the Agency representatives at the settlement agreement conference, and the appellant believing everything that she was told by the agency representatives, the appellant in good faith accepted the reassignment to the Human Resources Assistant, GS-0203-05 position in Albuquerque, New Mexico.  It is evident that the Agency just wanted to settle the appellant's EEO complaint on June 14, 2011 and disregarded the fact that the appellant did not actually qualify to perform the duties and responsibilities of the position that she was being reassign to at the HRM, Albuquerque New Mexico.

From the onset, the Agency representatives that worked on the settlement agreement did no care and did not diligently look for a position in the same GS 0186-05 (grade &series) that the appellant qualified for **or** could perform. At the time the Agency representative did not submit or ask a Forest Service, Human Resources Management, Staffing Specialist to do a comparative analysis of Ms. Mpofu's qualification (who at the time was in a Social Service Assistant, GS-0186-05 position) to determined if she was even qualified for the Human Resources Assistance, GS-0203-05. The Office of Personnel Management (OPM) qualifications standards were never applied, because if they had been applied, the determination would have been that Ms. Mpofu did not qualify for the GS-0203 -05 series. Therefore, the agency failed in doing a comparative qualification analysis against the Office of Personnel Qualification Standards; therefore the agency violated Merit Promotion Principles and actually from the onset set up Ms. Mpofu for failure. The Agency knowingly placed Ms. Mpofu in a position that she did not qualify for.

(2)

C)(1) Count III:

*Please see attached pages 1 + 2*
*C)(1) Count III:*

(2) Supporting Facts:

D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
Yes ☐   No ☒   If your answer is "YES", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   a) Parties to previous lawsuit.
      Plaintiffs: _____
      Defendants: _____

   b) Name of court and docket number:

   c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?

   d) Issues raised: _____

### C. CAUSE OF ACTION Count III:

**ISSUE No. 3:** TheForest service placed Ms. Mpofu in a Performance Improvement Plan (PIP). This PIP was deliberately not properly managed or implemented and as a result the Agency initiated a removal action against the appellant. **Specifically:**

On approximately July 20, 2014, Ms. Kimberly Geraci, (Ms. Mpofu second level supervisor), assigned Ms. Mpofu to work under the supervision of Mary Garcia; Prior to July 20, 2014, Ms. Mpofu had never before been supervised by Ms. Garcia; the PIP was issued on August 20, 2014; Ms. Mpofu was placed on the PIP exactly thirty (30) days after working under the supervision of Ms. Garcia, therefore the PIP was initiated against Ms. Mpofu sixty (60) prior to the completion of the ninety (90) days requirement of having worked under one specific supervisor. Ms. Garcia supervised Ms. Mpofu until October 20, 2014. It is evident that from the beginning this PIP was initiated as punitive action. There was never any real intent to help Ms. Mpofu to succeed in her position. It appears that this action was deliberate attempt to force Ms. Mpofu to resign from her position because of her Age (64) and the fact that she is African American.

**Please note** that prior to July 20, 2014, Ms. Mpofu never worked under the supervision of Ms. Mary Garcia. Therefore, since Ms. Garcia had never before personally supervised Ms. Mpofu she would have never previously had an opportunity to personally observe Ms. Mpofu's work performance. Therefore, any negative allegations of unacceptable work performance would have been prejudicially provided to Ms. Garcia by a third party, in this case, possibly Ms. Kimberly Geraci, thus poisoning Ms. Garcia's mindset against Ms. Mpofu. Clearly, Ms. Garcia, could not have made an independent evaluation or assessment on Ms. Mpofu's work performance during the time period that Ms. Mpofu worked under Mr. Mark Zemanek her prior first line supervisor. Please note, that Mr. Zemanek stopped being Ms. Mpofu first line supervisor on June 30, 2014, and the PIP was issued on August 20, 2014.

**Please note** that during the PIP process, Ms. Mpofu supervisor (Ms. Geraci) only met with Ms. Mpofu for approximately one (1) hour a week to allegedly go over her performance; some weeks the supervisor never met with Ms. Mpofu. On those few occasions when Ms. Mpofu's supervisors met with her there were other individuals present at the meeting (including an Employee Relations Specialist); this was intentionally done in an attempt to intimidate Ms. Mpofu.

OPM guidance is very clear on the process a PIP is suppose to be implemented and requires that the PIP meetings be an opportunity for the supervisor and the employee to independently meet in a privately setting to go over the employees work performance These meeting are also an opportunity for the supervisor to provide constructive criticisms and guidance to help the employee improve in their job performance. It is evident that the meetings between Ms. Mpofu and her supervisor (Ms. Geraci) were not use for that purpose and actually bordered with intent towards an adverse action meeting, especially, since at all of the (limited) meetings an Employee Relations Specialist was present. The meetings did not meet the intent or purpose as defined by OPM. Specifically, since Ms. Mpofu was never allotted sufficient

## Continuation to C. CAUSE OF ACTION Count III:

time or positive direction as to what she needed to do to improve in her performance. The meetings were more to point out what Ms. Mpofu had done wrong, instead of helping her to improve towards attaining a successful rating. By the way, was Ms. Mpofu never given an opportunity to attend training? Or to obtain personal one-on-one training from a co-worker or subject matter expert that would have helped her achieve and obtain a successful performance rating.

<u>The PIP that the appellant was in was clearly a result of the USDA, Forest Service, Jobs Corp negligence when they back on June 11, 2011 **coerced the appellant to accept** as a reassignment to the Human Resources Assistant, GS-203-05 position that she was obvious not qualified to perform. Had the Agency back in June 2011 properly negotiated a Settlement Agreement in good faith, this appellant would not be in this situation and the Agency would not be again in this crossroad.</u>

e) Approximate date of filing lawsuit: _____

f) Approximate date of disposition: _____

2) I have previously sought informal or formal releif from the appropriate administrative officials regarding the acts complained of in Part C. Yes ☒  No ☐   If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No," briefly explain why administrative relief was not sought.

Relief was sought through the MSPB in WAshington DC. The result was negative and MSPB fail to review the entire appeal.

### E. REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

Please see the attached Request for Relief.

_____     _____
Signature of Attorney (if any)              Signature of Petitioner

Attorney's full address and telephone number.

# E. REQEST FOR RELIEF

Presently the appellant has indicated that she would like the USDA, Forest Service to consider the following towards a resolution to this Federal lawsuit.

1. A performance rating of "Fully Successful".
2. Change the Termination personnel action to a resignation.
3. Back pay and interest in the amount of $85,000.00
4. Compensatory damages in the amount of $100,000.00 for the emotional stress, anxiety, metal anguish, and suffering that was (and is still) being incurred during the unemployment and homeless time periods that the appellant was subjected to.
5. Reinstatement to any of the Forest Service, Jobs Corp in Virginia, Tennessee geographical area. This reassignment would be to a Social Services Assistant, GS-186-05 position that she was qualified to perform and was successfully performing at the Forest Service, Schenk Jobs Corp prior to the wrongful termination.
6. All transfer of station to Virginia paid by the USDA, Forest Service.
7. All negative adverse actions expunged from her Official Personnel File.
8. All negative personnel action forms deleted from her electronic personnel files.
9. Payment of approximately $14,000+ to Mr. Carlos Cortés, technical & professional advisor to this case. Mr. Cortés is a retiree that previously worked for the Federal Government as Personnel Office, Supervisory Labor Employee Relations; Civil Right Director and former EEO specialist Counselor/Mediator). Mr. Cortés was also a former Personnel Misconduct Investigator.

**Please note:**

The appellant was wrongfully discharged from her PAR Human Resources Assistant, GS-0203-05 position at the Albuquerque Service Center, Human Resources Management in Albuquerque, New Mexico. Therefore the USDA, Forest Service engaged in contractual and statutory violation. Thus requiring the Agency to correct past violations and restoring the status quo by taking an "affirmative action." In this case the remedy for a wrongful termination of employment is reinstatement and back pay. This means that if an employee were terminated because of discrimination of the kinds mentioned above (or any other kinds specified in the statute) or for any other "prohibited personnel practices" listed in section 2302, the remedy of reinstatement and back pay would be appropriate. Additionally this means that the "make whole" concept of relief sometimes is described as placing the employee in the position where he or she would have been but for the wrongful agency action also known as "wrongful termination".

Back pay are awarded when an employees is subjected to a prohibited personnel practice under 5 USC 2302(b)(8), *see* 5 USC 1221(g)(A)(1). In this situation, the USDA, Forest Service failed to adhere to Federal statutory laws (including the OPM Qualification Standards) and since the appellant was wrongly terminated (When the PIP was not properly managed) the appellant (Ms. Mpofu) should be 'made whole" and awarded the back pay she is requesting.

**Please note that I am requesting a Trial by Jury. Thank you.**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed at _Albuquerque NM_ on _Oct 17,_ 20_16_
　　　　　　　　(Location)　　　　　　　　　(Date)

_____Tobby Martin_____
　　　　　　　　　(Signature)